UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF FLORIDA

ADAM THOR, et al.,

    Plaintiffs,

vs.

    CASE NO.

FRONTIER AIRLINES, INC.,

    Defendant

## DEFENDANT FRONTIER AIRLINES INC.'S NOTICE OF REMOVAL

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), pursuant to 28 U.S.C. §§1332, 1441, and 1446, hereby removes the above-captioned civil action in its entirety from the Circuit Court of Eleventh Judicial Circuit in Miami-Dade County, Florida to the United States District Court for the Southern District of Florida based on diversity jurisdiction. In support of its Notice of Removal, Frontier states as follows:

1. This is an action arising out of an alleged wrongful removal of Plaintiffs Adam Thor and Travis Foster from Frontier flight 18, which was a scheduled flight from Guatemala City, Guatemala (GUA) to Miami, Florida (MIA) on or about January 11, 2024.

2. On July 24, 2024, Plaintiffs filed their Complaint against Frontier in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida, asserting a myriad of state law claims, including: (1) deceptive or misleading practices pursuant to Fla. Stat. § 501.201; (2) common law breach of contract; (3) common law fraudulent misrepresentation; and (4) discrimination of customers pursuant to the Florida Civil Rights Act, Fla. Stat. § 760.01. A copy of Plaintiff's complaint is attached hereto as Exhibit A.

3. Frontier was served with the Complaint on September 23, 2024. *See id.* Thus,

this Notice of Removal is timely under 28 U.S.C. §1446(b), within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).

4. 28 U.S.C § 1332 grants original jurisdiction to the district court "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between citizens of different States. 28 U.S.C. § 1332(a). If removal is sought on the basis of diversity jurisdiction, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). For the purposes of this section, a corporation shall be deemed to be a citizen of every State by which it has been incorporated, and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). Federal courts have held a corporation's "principal place of business," refers to the place where high level officers direct, control, and coordinate the corporation's activities, metaphorically called the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Typically, this "nerve center," is determined to be the corporation's headquarters. *Id* at 81.

5. Plaintiffs are domiciled in Miami, Florida, while Frontier is incorporated under the laws of Delaware and headquartered with their principal place of business in Denver, Colorado. Further, in the Plaintiff's complaint they allege punitive damages in the amount of $10,000,000 for violations of Fla. Stat. § 760.01 (Florida Civil Rights Act). *See* Ex. A, at p.10. Therefore, the parties are both diverse and satisfy the requisite amount in controversy for diversity jurisdiction.

6. The United States District Court of the Southern District of Florida is the federal court embracing the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, which is the place where the original action was filed. Thus, Frontier properly seeks to remove this action to this Court. *See* 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1446(a), Frontier has attached copies of all process and pleadings served upon it in the State Court record. *See* Exhibit B.

8. Pursuant to 28 U.S.C. § 1446(d), Frontier will promptly serve a copy of this Notice of Removal on the Plaintiffs and will promptly file a Notice of Filing of this Notice of Removal with the Clerk of the Eleventh Judicial District of the State of Florida, Miami-Dade County.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida, to the United States District court for the Southern District of Florida.

Dated: September 30, 2024

**WADSWORTH, MARGREY & DIXON, LLP**
*Attorneys for Defendant*
261 NE 1st Street, 5th Floor
Miami, FL 33132
(305) 777-1000 Telephone
(305) 777-1001 Facsimile

By: _____
Christopher W. Wadsworth, Esq.
Florida Bar No.: 78026
E-mail: cw@wmd-law.org
Secondary: pleadings@wmd-law.org

Brian T. Maye, Esq.
(seeking *pro hac vice* admission)
FITZPATRICK, HUNT & PAGANO LLP
10 S La Salle St, Suite 3400
Chicago, Illinois 60603
Phone: (312) 728-4905
brian.maye@fitzhunt.com

*Counsel for Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document has been electronically filed by using the CM/ECF system on this 30th day of September, 2024, and that a copy was sent to Plaintiffs via US Mail and electronic mail at the following: Adam Thor and Travis Foster, 1300 Washington Ave #0264, Miami Beach, Florida 32801, Telephone: (201) 638-1077, Facsimile: (201) 575-4079, Email: jbstuna@yahoo.com.

By: _____
Christopher W. Wadsworth, Esq.
Florida Bar No.: 78026
E-mail: cw@wmd-law.org
Secondary: pleadings@wmd-law.org