**Adam Thor & Travis Foster**

    *Plaintiffs,*

v.                                                                   CASE NO.:

**FRONTIER AIRLINES, INC.,** a Colorado Corporation,

    *Defendants.*

                                                       /

## CIVIL COMPLAINT

COMES NOW, Plaintiffs Adam Thor & Travis Foster ("THOR & FOSTER"), together by and through their self undersigned, against Defendant FRONTIER AIRLINES, INC. ("Defendant" or "FRONTIER"); and in support thereof alleges the following:

## NATURE OF CASE

FRONTIER claims they are a passenger friendly budget airline. Plaintiff brings this action, to address misrepresentations and illegal and forceful actions that have been taken by its employees; in return have been committed by Defendant FRONTIER in connection with Defendant's business operations and practices. FRONTIER falsely misled the Plaintiffs into believing that they are purchasing a passenger friendly airline ticket in which the same rules would apply to all passengers, when, in fact, FRONTIER employees change rules as they see fit on a flight which is just one example of their actions being fraudulent and unwarranted.

## JURISDICITON AND VENUE

1.        Subject matter jurisdiction is proper in this Court, under 28 U.S.C. § 1332(A)(l). The defendant is a corporation, which is domiciled in the State of Colorado. The representative Plaintiff is a citizen of the State of Florida, county of Miami Dade.

2.        Personal jurisdiction and venue in this judicial district are proper in that the Defendant has continuous and systemic operations at Miami International Airport ("MIA"), which is in Miami, Florida, where the Defendant operates in a manner that violates the law

consistent with Plaintiff's allegations herein. The conduct herein alleged, which resulted in harm to the plaintiffs, occurred in this judicial district.

## FACTUAL ALLEGATIONS AND FACTS RELATIVE TO PLAINTIFF'S

1. The named Plaintiff's THOR & FOSTER in this action are citizen's of the United States who reside in Florida, county of Miami Dade.

1. A) The Defendant FRONTIER does regular and continuous business in the State of Florida, within this judicial district.

2. FRONTIER sold airline tickets to THOR and FOSTER on November 2, 2023.

3. FRONTIER's flight path was originally from Guatemala City (GUA) to Miami, Florida (MIA) departing at 1:57pm on January 11, 2024 and arriving at 5:34pm on January 11, 2024 (See exhibit 1).

4. FRONTIER's confirmation code was KYLB6P (See exhibit 1).

5. FRONTIER changed the flight departure time and arrival time in November, 2023. The updated flight time was 2:23am on January 11, 2024 arriving at 6:02am on January 11, 2024 (See exhibit 2).

6. On January 11, 2024, at approximately 3:30am EST THOR and FOSTER were on the for mentioned FRONTIER Airlines flight 18 from Guatemala City to Miami International Airport. THOR and FOSTER were seated in row 24 seat C and row 25 seat B having respectful conversations with several nearby passengers about the trip we had. FOSTER was sitting next to a lady but her husband was across from her one row up. The husband requested if he can sit next to his wife and FOSTER obliged moving his seat to row 24 seat D. As conversations continued while the airline was working to ready the flight for takeoff FOSTER would occasionally speak with the flight attendant working the rear of the plane (ATTENDANT 2). Neither THOR or FOSTER were able to get her name or employee ID number at the time of any conversation. ATTENDANT 2 is described as Caucasian around 5 feet tall with blond hair age around mid 30's.

ATTENDANT 2 would speak to FOSTER briefly as she passed by and they would engage in a playful game of rock paper scissors. THOR had very little communication with ATTENDANT 2 as THOR was sitting listing to music after finishing conversations with some passengers. As the plane was taxiing to the runway ATTENDANT 2 came up to THOR and said "are you trying to pull a fast one by me" but it was said in a joking manner. THOR then stated "I don't know what you are talking about". ATTENDANT 2 said "oh your seatbelt is not on" and continued to joke with THOR about it. THOR wasn't paying attention and didn't realize the seatbelt was off. To joke back with ATTENDANT 2 THOR then stated he didn't know how to put on the seatbelt and needed help. The conversation ended; ATTENDANT 2 looked at the religious necklace THOR was wearing then smirked at THOR and walked away as THOR proceeded to place the seatbelt on.

7. Several minutes later, an unidentified flight attendant (LEAD ATTENDANT) that had been working the front of the plane that never came to the back nor had contact with THOR or FOSTER suddenly approached with an unwarranted question. LEAD ATTENDANT (who refused to give her name but is described as Caucasian around 5 feet 6 inches tall with blond hair age around mid 50's), asked if FOSTER was going to be a problem during the flight. FOSTER immediately asked if she was being serious. LEAD ATTENDANT responded that she will have us removed from the plane if we didn't agree to not being a problem. THOR stated we won't be a problem and everything is fine. FOSTER then stated that he didn't know who she was and that she's been working the front the entire time and no one had ever spoken to her. THOR also stated we have no idea what is going on and asked what this is about. LEAD ATTENDANT suddenly confessed stating that she received a call that we were bothering other passengers and were refusing to put on our seatbelts. FOSTER told the flight

attendant that we were not bothering other people and to ask those around about the positive conversations THOR and FOSTER had been having. LEAD ATTENDANT then told FOSTER that he had been a problem since he entered the plane. THOR intervened and said out loud that's discrimination after watching LEAD ATTENDANT's tone towards FOSTER who is African American. ATTENDANT 2 was standing there during this conversation and told LEAD ATTENDANT that it wasn't FOSTER who was doing anything wrong. ATTENDANT 2 stated it was THOR that didn't put on the seatbelt. LEAD ATTENDANT saw the seatbelt was on THOR and continued her conversation directed at FOSTER, looking to argue and attempt to escalate the conversation. LEAD ATTENDANT stated she did not know who we were and FOSTER then asked the flight attendant why she was discriminating against him and if this continues then she will if she find out who THOR and FOSTER are when we file a complaint to the airline. LEAD ATTENDANT immediately stated loudly that FOSTER threatened her and she said she was calling the captain. FRONTIER's employees decided to make an issue out of nothing to show their power and discrimination towards THOR and FOSTER who are of a different religion and race then the flight attendants.

8. After several minutes the flight began to taxi back to the jet bridge with no announcements being made to the passengers. The airline lights were placed back on and minutes later several FRONTIER employees and security boarded the flight.

9. What seemed like a great deal of confusion to the airline employees who entered the plane; they eventually made their way to come over and speak to THOR and FOSTER and said to exit the flight. THOR asked to speak to the pilot to explain the lies that were told by LEAD ATTENDANT to him but was denied this.

10. During the withdrawal from the FRONTIER flight, THOR and FOSTER were both assaulted by the Frontier employees. If the lead flight attendant felt threatened why did she decided to stand immediately in the doorway as both plaintiff's were walking out? (Video evidence will be provide)

11. During the withdrawal from the FRONTIER flight, THOR and FOSTER were unlawfully detained for 2 hours by FRONTIER employees.

12. During the withdrawal from the FRONTIER flight, THOR and FOSTER were discriminated against by FRONTIER flight attendant employees. THOR and FOSTER were told they were exiting the plane for questioning and they were not being kicked off the flight. They were advised the plane was not going to leave until the issue was resolved.

13. FRONTIER supervisor in Guatemala refused to give the names of LEAD ATTENDANT and ATTENDANT 2.

14. The same FRONTIER supervisor in Guatemala stated the LEAD ATTENDANT did call the captain to have THOR and FOSTER removed.

15. After going back through customs and finding out the facts of the altercation, the FRONTIER supervisor in Guatemala rebooked THOR and FOSTER for the next flight out from Guatemala City (GUA) to Miami, Florida (MIA) departing at 2:21am on January 12, 2024 and arriving at 6:02am on January 12, 2024 (See exhibit 3).

16. FRONTIER supervisor in Guatemala booked THOR and FOSTER in emergency seating for the above mentioned flight. THOR asked why would FRONTIER place the seats in the emergency row if we were a threat or a problem to the airline. FRONTIER supervisor in Guatemala stated we were not a threat or a problem and we never should have been removed from the flight. The original flight had already departed at this time but all employees on the ground were trying to grasp why LEAD ATTENDANT and ATTENDANT 2 had acted the way they did and their treatment towards passengers THOR and FOSTER. If

THOR and FOSTER truly threatened the LEAD ATTENDANT, why would FRONTIER allow them to board another flight and possibly do that to another crew? Why was THOR and FOSTER not immediately refunded and banned from FRONTIER? The LEAD ATTENDANT abused her power and authority towards THOR and FOSTER by having them kicked off the plane as a show of temperament and control.

17. THOR and FOSTER boarded the next flight with no delay or concerns and arrived in Miami International Airport at the scheduled time. THOR spoke to airport police who advised to file a criminal complaint/police report which was done online a few weeks later. Report tracking number is T24000247. The report was not fully processed because the incident occurred outside of Miami.

18. THOR also spoke to FRONTIER employees at Miami International Airport who refused to give the names of the flight crew and advised to call the help line. The help line also refused the information (See exhibit 4). This information is still requested.

## COUNT I

### DECEPTIVE OR MISLEADING PRACTICES IN VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. § 501.201 *ET SEQ.* ("FDUTPA")

1. Plaintiffs re-allege and incorporate by reference the allegations set forth in each preceding paragraph of this Complaint as though fully set forth herein, and further states:

2. FDUTPA operates to protect consumers from unscrupulous business practices such as unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practice, in the conduct or trade of a business.

3. FRONTIER engaged in conduct of unconscionable acts or practices in a manner which was materially deceptive and misleading to passengers, and this conduct caused harm and damages to Plaintiffs.

4. FRONTIER materially misled the Plaintiffs in the manner discussed above, including by failing to conspicuously disclose information.

5. As a result of FRONTIER's misrepresentations and omissions, the Plaintiffs suffered losses, including funds expended for tickets, unforeseen fees, embarrassment, and inconveniences.

6. The Plaintiffs received emotional distress, unfair treatment, denial of due process, lack of respect & humiliation. The Plaintiffs seek punitive damages for the above mention acts committed by FRONTIER for its gross misconduct against the public and the Plaintiffs.

## COUNT II

### BREACH OF CONTRACT, UNDER FLORIDA'S COMMON LAW

1. Plaintiffs re-allege and incorporate by reference the allegations set forth in each preceding paragraph of this Complaint as though fully set forth herein, and further states:

2. FRONTIER represented a specific flight time and date and then after the purchase of the ticket this time changed forcing the Plaintiff's to be stuck with that new time frame with no other options.

3. FRONTIER was also under a contractual obligation to provide the Plaintiffs with other options at no additional cost.

4. FRONTIER failed in its obligation to provide the Plaintiffs with this aforesaid information.

5. At the time of booking, the Plaintiffs were unaware that they would have to change the trip to meet the change of the flight times.

6. FRONTIER breached its agreement with the Plaintiffs when it changed the Plaintiffs flight times after they had received payment.

7. As a result of FRONTIER's misrepresentation and omissions, the Plaintiffs suffered losses, including funds expended on tickets, fees, embarrassment, and inconvenience, due to FRONTIER's fraudulent activity.

## COUNT III

**FRAUDULENT MISREPRESENTATION, UNDER FLORIDA COMMON LAW**

1. Plaintiffs re-allege and incorporate by reference the allegations set forth in each preceding paragraph of this Complaint as though fully set forth herein, and further states:

2. While inducing the Plaintiffs to purchase tickets and throughout the contractual relationship between the parties, FRONTIER made numerous representations that were materially false, and FRONTIER made numerous material omissions.

3. FRONTIER's misrepresentations and omissions included but are not limited to:

   - Having a Lead flight attendant lie to a pilot to remove passengers whom she did not like due to his race and religion;
   - Having a second flight attendant participant in the same misrepresentations;

4. FRONTIER knew, or acted with reckless disregard for the truth, as to all of the material misrepresentations that are alleged in this Complaint.

5. FRONTIER knew, or acted with reckless disregard for the trust, as to all of the material omissions alleged in this Complaint.

6. The Plaintiffs' reliance on FRONTIER's misrepresentations and/or omissions caused them significant, specific harm and damages, as alleged hereinabove.

7. The Plaintiffs received emotional distress, unfair treatment, denial of due process, lack of respect & humiliation. The Plaintiffs seek punitive damages for the above mention acts committed by FRONTIER for its gross misconduct against the public and the Plaintiffs.

## COUNT IV

**DISCRIMINATION OF CUSTOMERS, IN VIOLATION OF FLORIDA STATUTES**

1. Plaintiffs re-allege and incorporate by reference the allegations set forth in each preceding paragraph of this Complaint as though fully set forth herein, and further states:

2. Florida laws provide a statutory cause of action for Discrimination against customers that gives the prevailing party a basis of relief to recover fees and punitive damages.

3. THOR was discriminated against due to his religion.

4. FOSTER was discriminated against due to his race.

## PRAYER FOR RELIEF (AS TO ALL COUNTS)

**WHEREFORE,** Plaintiffs ADAM THOR and TRAVIS FOSTER, individually and through their self undersigned, hereby respectfully request this Honorable Court find in favor of the Plaintiffs, and against Defendant FRONTIER AIRLINES, INC.; and award the following relief against Defendant:

1. Declaratory judgment, under Fla. Stat. Defendant's acts or practices violated the rights of the Plaintiffs due to discrimination, unlawful detention, physical assault, embarrassment;

2. Order that the Defendant discontinue these same acts or practices;

3. Order that the Defendant must reimburse the Plaintiffs for actual damages, under Fla. Stat.§§ 501.211(2) and 817.41.

4. Order that the Defendant reimburse Plaintiffs for any and all ticket costs, costs that the Plaintiffs incurred related to the purchase of the tickets, and any and all fees paid, including but not limited to baggage, seat, and cancellation fees;

5. Order that the Defendant reimburse the Plaintiffs for all of the fees and costs paid to the Defendant, all travel and lodging expenses incurred as a result of the Defendant's fraudulent conduct

6. Order that the Defendant pay all statutory fines, under the laws of Florida, for the willful conduct, in an amount of TEN THOUSAND DOLLARS ($10,000.00) for each violation under Fla. Stat.;

7. Order that the Defendant pay for the Plaintiffs' emotional suffering and harm for the above mentioned counts;

8. Order that the Defendant pay the Plaintiffs for all monetary and other losses, as permitted by Fla. Stat.§ 501.213;

9. Require the Defendant to pay statutory fines, costs of suit, and attorneys' fees, including those identified under Fla. Stat. § 501.2105;

10. Punitive damages in an amount of not less than TEN MILLION DOLLARS ($10,000,000.00), for the blatant, unwarranted, malicious, and intentional nature of the Defendant's gross misconduct, to deter the Defendant and other airlines from further similar conduct, as provided for under Fla. Stat. and,

11. Grant the Plaintiffs any and all other and further relief as this Honorable Court may find just and proper.

**DEMAND FOR JURY TRIAL (AS TO ALL COUNTS)**

**WHEREFORE,** the Plaintiffs, Adam Thor & Travis Foster, individually through their self undersigned, hereby demand a trial by jury as to all issues so triable.

DATED: 7/24/2024  Respectfully submitted,

*Adam Thor  Travis Foster*
**Adam Thor & Travis Foster**
1300 Washington Ave #0264
Miami Beach, Florida 32801
Telephone: (201) 638-1077
Facsimile: (201) 575-4079
jbstuna@yahoo.com