IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Adam Thor & Travis Foster**

*Plaintiffs,*

v.

CASE NO.: 1:24-cv-23772-PCH

**FRONTIER AIRLINES, INC.,** a Colorado Corporation,

*Defendants.*

/

FILED BY _____ D.C.
OCT 30 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## Motion of Objection to Defendants Motion to Dismiss

1. Subject matter jurisdiction is proper in this Court, under 28 U.S.C. § 1332(A)(l). The defendant is a corporation, which is domiciled in the State of Colorado. The representative Plaintiff is a citizen of the State of Florida, county of Miami Dade.

2. Personal jurisdiction and venue in this judicial district are proper in that the Defendant has continuous and systemic operations at Miami International Airport ("MIA"), which is in Miami, Florida, where the Defendant operates in a manner that violates the law consistent with Plaintiff's allegations herein. The conduct herein alleged, which resulted in harm to the plaintiffs, occurred in this judicial district.

3. Plaintiffs have a legal dispute against defendant and defendant answered service against them.

4. Plaintiffs have the right of due process under 14th amendment of the US Constitution.

## Affidavit in Opposition

1. Based on several inconsistencies and false statements in the defendants motion to dismiss we respectfully request of the Honorable Judge to deny the defendants request

2. Plaintiffs have a long list of evidence to provide during the discovery period which will show the facts of this case. One example is the plaintiff has video and audio proof to provide to the court as evidence of the event which will confirm some of the statements that the plaintiff has stated in this case.

3. During discovery the plaintiff will request passenger information and passenger statements which will allow the court to hear witnesses whom will confirm the plaintiff's statements in this case.

4. Another example of the many inconsistencies in the defendant's motion is on page 2 of 55 in which the defendant stated the follow: "a flight attendant approached Plaintiff Thor and asked him to fasten his seatbelt... Plaintiff Thor responded facetiously that he "didn't know how to put on the seatbelt and needed help... At that point, the flight attendant walked away to seek the assistance of another flight attendant". Following this statement the defendant than states on page 3 of 55 the following: "The flight attendant then informed Plaintiffs that she had been notified that they were refusing to put their seatbelts on and were bothering other passengers. The situation escalated, and Plaintiffs accused the flight attendant of discrimination, while the flight attendant accused Plaintiffs of threatening her". These are statements that will be proven false in the discovery period. How did the lead flight attendant be informed of 1 particular passenger of refusing to put on a seat belt but confront and accuse another passenger as well of refusing to put on a seat belt?

5. There are a long list of incorrect statements stated by the defendant and the plaintiff has the rights to have the case continue and the opportunity to show the court all the evidence that will come to light in this case.

6. With this and other reasons we ask of the court to deny defendants motion to dismiss.

## DEMAND FOR JURY TRIAL (AS TO ALL COUNTS)

**WHEREFORE,** the Plaintiffs, Adam Thor & Travis Foster, individually through their self undersigned, hereby demand a trial by jury as to all issues so triable.

DATED: 10/24/2024                               Respectfully submitted,

*Adam Thor & Travis Foster*

**Adam Thor & Travis Foster**
1300 Washington Ave #0264
Miami Beach, Florida 32801
Telephone: (201) 638-1077
Facsimile: (201) 575-4079
jbstuna@yahoo.com