UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-23772-PCH

ADAM THOR, et al.,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court upon Plaintiffs' Motion of Objection to Defendant's Motion to Dismiss [ECF No. 8] (the "Response"), filed on October 30, 2024, in response to Defendant's Amended Motion to Dismiss [ECF No. 7] (the "Motion to Dismiss"). Plaintiffs' Response fails to address Defendant's arguments in support of dismissal of this action, which are that: (1) Plaintiffs' claims are barred by the Montreal Convention; (2) Plaintiffs' claims under Florida Statute § 501.201 are expressly preempted by the Airline Deregulation Act; (3) Defendant's Contract of Carriage permits the actions that serve as the bases for Plaintiffs' breach-of-contract claim; (4) Plaintiffs fail to sufficiently allege any misrepresentation by Defendant; and (5) Plaintiffs failed to exhaust administrative remedies under the Florida Civil Rights Act. *See* Mot. at 4–16.

When a party raises an issue in its motion to dismiss, the opposing party has an obligation to include all of its arguments, with supporting authority, in its response. Local Rule 7.1(a) explicitly provides that a memorandum of law shall "cit[e] supporting authorities" for legal arguments, and include "[a]ll materials in support" of the arguments contained within it. S.D. Fla.

L.R. 7.1(a).  Other than narrow exceptions, the Court need not address, and may summarily reject, arguments lacking supporting legal authority.  *See, e.g.*, *Prophet v. Great Vill. Resorts, Ltd.*, No. 10-60152-CV-UU, 2012 WL 13001818, at *3 (S.D. Fla. Aug. 28, 2012) (rejecting arguments "[b]ecause neither side ha[d] complied with Local Rule 7.1(a) by citing to supporting authorities for or against the dismissal").  Moreover, a party's failure to meaningfully address the opposing party's arguments, in part or in whole, constitutes a concession of that argument.  *See Ewing v. Carnival Corp.*, No. 19-20264-Civ, 2023 WL 2524530, at *3 (S. D. Fla. Mar. 15, 2023).

 However, considering Plaintiffs' status as *pro se* litigants, and in the interest of justice, the Court finds that Plaintiffs should be allowed another opportunity to fully respond to the Motion to Dismiss if they contest any or all of Defendant's arguments in favor of dismissal.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs may file a supplemental response to the Motion to Dismiss by **Monday, November 25, 2024**.  If Plaintiffs file a supplemental response, Defendant may file a supplemental reply within **seven days** after Plaintiffs file their supplemental response.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 1, 2024.

_____
Paul C. Huck
United States District Judge

cc:    All counsel of record

    **Adam Thor** and
    **Travis Foster**
    1300 Washington Avenue
    0264
    Miami Beach, Florida 32801
    PRO SE